UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANAYA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 16-00511-KES<br><br>MEMORANDUM OPINION AND ORDER |

　　　Plaintiff Robert Anaya ("Plaintiff") was awarded Supplemental Security Income ("SSI") as a child. Administrative Record ("AR") 20. He now appeals the final decision of the Administrative Law Judge ("ALJ") who determined that he was no longer disabled as of February 1, 2013. Id. Adult redetermination cases are evaluated using the rules for adults who file new SSI claims for benefits. See SSR 11-2p. For the reasons discussed below, the ALJ's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

//

# I.
# BACKGROUND

Plaintiff began receiving SSI due to autism when he was four years old. AR 43, 56. Plaintiff turned eighteen in June of 2012. Id.

On March 31, 2014, an ALJ conducted a hearing, at which Plaintiff, who was represented by counsel, appeared and testified. AR 39-54. On April 25, 2014, the ALJ issued a written decision finding that Plaintiff was no longer disabled as of February 1, 2013, per 20 C.F.R. § 416.987. AR 20-28.

The ALJ found that Plaintiff has the severe impairment of autism, but his autism did not meet or equal a listed impairment. AR 22-23. Notwithstanding his autism, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work with non-exertional restrictions to "simple repetitive tasks requiring only incidental interaction with others, i.e., tasks not requiring verbal collaboration as a primary component." AR 23.

Based on this RFC and the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff would be able to work as a laborer/stores (DOT 922.687-057), laborer/salvage (DOT 929.687-022) and laundry worker (DOT 361.684-014). AR 27. The ALJ therefore concluded that Plaintiff is no longer disabled. AR 28.

# II.
# ISSUES PRESENTED

<u>Issue No. 1</u>: Whether the ALJ committed reversible error when she failed to consider the potential application of 20 C.F.R. § 416.1338.

<u>Issue No. 2</u>: Whether the ALJ erred by finding that Plaintiff's condition does not meet or equal a listing level impairment.

<u>Issue No. 3</u>: Whether the ALJ erred in assessing the credibility of Plaintiff and Plaintiff's cousin.

See Dkt. 15, Joint Stipulation ("JS") 3.

## III.

## DISCUSSION

**A.    ISSUE ONE:  The ALJ erred by failing to discuss 20 C.F.R. § 416.1338.**

   1.   The requirements of 20 C.F.R. § 416.1338.

A person receiving childhood disability benefits may continue to receive benefits even after his/her disability has ended if the following three conditions are met:

> (1) You are participating in an appropriate program of vocational rehabilitation services, employment services, or other support services …;
>
> (2) You began participating in the program before the date your disability … ended; and
>
> (3) We have determined under paragraph (e) of this section that your completion of the program, or your continuation in the program for a specified period of time, will increase the likelihood that you will not have to return to the disability … benefit rolls.

20 CFR § 416.1338(a).

The regulations define a qualifying program of vocational rehabilitation services, employment services, or other support services.  20 CFR § 416.1338(c).  Generally, a qualifying program is carried out under an individualized work plan administered by a government agency or a private organization "with expertise" in providing such services.  Id.  The regulations also specify that a person is only "participating" in such a program when they are "taking part in the activities and services outlined in [an] individual work plan, [an] individualized plan for employment, or [a] similar individualized written employment plan, as appropriate."  20 CFR § 416.1338(d).

The regulations explain that a program will increase the likelihood that participants will not return to the disability benefit rolls if that program provides participants with "work experience … so that would more likely be able to do past relevant work" or "education … and/or skilled or semi-skilled work experience so that you would more likely be able to adjust to other work …." 20 CFR § 416.1338(e)(i)-(ii). The regulations further provide that if "you are a student age 18 through age 21 participating in an individualized education program ["IEP"] …, we will find that your completion of or continuation in the program will increase the likelihood that you will not have to return to the disability … benefit rolls." 20 CFR § 416.1338(e)(2).

### 2. Evidence concerning Plaintiff's participation in relevant programs.

Plaintiff initially argued that he participated in qualifying services "through both the Regional Center as well as the ARC of Ventura." JS 3. When the Court requested supplemental briefing on this issue, Plaintiff added an argument that his participation in special education services after his eighteen birthday but before he graduated from high school also triggered the application of 20 C.F.R. § 416.1338(d)(2). Dkt. 20 at 2, 5. The Commissioner declined to provide supplemental briefing. Dkt. 18.

#### a. ARC of Ventura

Plaintiff was referred for potential participation in two ARC programs: a "day program … to assist him in acquiring vocational skills" and "the Training for Independent Living ["TIL"] program" which would involve living in an on-site apartment. AR 338. The TIL program only accepts individuals who receive SSI benefits to ensure they have sufficient funds to pay their monthly rent and other expenses. Id.

In September 2013, Plaintiff was notified that he was accepted into the TIL program, but placed on a waiting list until an opening became available.

AR 313.  Plaintiff testified at the March 31, 2014 hearing that he was "going to soon start this program …" referring to the TIL program.  AR 43.  He also testified, "I think it's so I can get a job or something …."  Id.

          b.      The Tri-Counties Regional Center

With regard to his participation in Regional Center programs, Plaintiff points to records at AR 531-42.  JS 4.  These records consist of the following:

(1) A March 20, 2014, evaluation by psychologist Victor Sanchez.  AR 531-536.  Dr. Sanchez reports that Plaintiff was referred to him by the "Tri-Counties Regional Center for the purpose of diagnostic clarification and to aid in program planning."  AR 531.  Dr. Sanchez summarized information provided by Plaintiff's mother explaining that Plaintiff has "been a consumer of the Regional Center System since approximately age four as a result of an early diagnosis of Autism."  Id.  Other than these two references, Dr. Sanchez does not mention the Regional Center.

(2) A March 26, 2014, one-page "psychological ID note" written by Dr. Brand, a staff psychologist at the Tri-Counties Regional Center.  AR 537.  Dr. Brand reported that Plaintiff "has been receiving Regional Center services based on a diagnosis of autism since 1988."  Id.  He also reported that Plaintiff "has not been able to find and hold a job for any length of time."  Id.  Dr. Brand referred to Dr. Sanchez's evaluation in March 2014.  Dr. Brand summarized Dr. Sanchez's findings, saying "Dr. Sanchez felt that [Plaintiff] displayed some symptoms of autism, however, felt the diagnosis was present by history rather than [Plaintiff's] symptomology."  Id.  Dr. Brand also noted that Plaintiff was able to graduate from high school with special education services and attend local community college.  Id.  Dr. Brand concluded by saying that Plaintiff's "CDER [Client Development Evaluation Report] is appropriate, changes are not necessary."  Id.

(3) AR 538 is a blank page.  Neither the Court's electronic nor paper

5

copy of the Administrate Record contains pages marked AR 539-42.

Plaintiff's other medical records include progress reports from 1998-2012 from the Tri-Counties Regional Center. AR 190-212. These records refer to Plaintiff's IPP [Individual Program Plan]. For example, in March 2012 (when Plaintiff was in 11th grade), his IPP objective was to obtain a high school diploma and continue to live with his family. AR 196-97.

        c.     Special Education Services

As of the date when the ALJ determined that Plaintiff was no longer disabled (i.e., February 1, 2013), Plaintiff was 18 years old. He was still attending high school and he had an IEP plan. AR 529 (October 2012 IEP plan noting that Plaintiff was "on track" to graduate); AR 343-44 (IPP records dated June 20, 2013, noting that Plaintiff is currently attending high school, will graduate "next week" and then his "employment plan" is to "attend Ventura College in Graphic Arts."). Plaintiff enjoys drawing and wants to be a cartoonist. AR 148, 347.

    **3.**    **Analysis.**

With regard to ARC of Ventura, the record demonstrates that Plaintiff's participation in this program did not fall within 20 C.F.R. § 416.1338, given the ending date of his disability. Per § 416.1338(a)(2), a claimant must have begun participating in the program before the date his/her disability ended. Here, Plaintiff's disability was determined to have ended as of February 2013, but as of the hearing date in March 2014, Plaintiff was not yet participating in the TIL program. Even if one considers the date when he was accepted into the program but waitlisted as the date when he began participating (i.e., September 2013), that date is still after February 2013. There is no evidence in the record that Plaintiff ever participated in ARC's day program. Thus, neither of these two ARC of Ventura programs fall within 20 C.F.R. § 416.1338, such that the ALJ did not err in failing to address them. If, after remand, the ALJ

sets a different ending date for Plaintiff's disability, then the ALJ should consider whether § 416.1338(a)(2) would still prevent Plaintiff's participation in ARC of Ventura programs (if any) from falling within 20 C.F.R. § 416.1338.

With regard to the Regional Center and special education services, evidence in the record concerning Plaintiff's participation in an IPP and IEP shows that his participation might fall within 20 C.F.R. § 416.1338. The ALJ, therefore, erred by not considering this regulation before terminating Plaintiff's disability benefits.

**B.     Remand for Further Proceedings.**

When an ALJ errs in denying benefits, the Court generally has discretion to remand for further proceedings. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Here, remand for further proceedings is appropriate, because the ALJ did not address the potential impact of 20 C.F.R. § 416.1338 on Plaintiff's qualification to continue receiving benefits after February 2013 given his participation in a Regional Center IPP and special education services. The Court does not reach Plaintiff's other claims of error. Upon remand, the ALJ may wish to consider them.

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 02, 2016

_____
KAREN E. SCOTT
United States Magistrate Judge